IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KARMIT ARNOLD BANKS,

        Petitioner,

 v.                   OPINION and ORDER

WARDEN E. EMMERICH,         25-cv-7-jdp

        Respondent.

---

  Petitioner Karmit Arnold Banks, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Banks contends that Bureau of Prison officials have denied him time credit under the First Step Act (FSA) based on an erroneous determination that he was convicted under 21 U.S.C. § 841(b)(1)(A)(vi) for possessing with intent to distribute 400 grams or more of a mixture or substance containing fentanyl. *See* Dkt. 2 at 2, 5.

  I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition with prejudice because it's contradicted by records from Banks's criminal prosecution.

  I begin with the background. Banks was charged in a single-count indictment with violating 21 U.S.C. § 841(a)(1) by possessing with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. *United States v. Banks*, 21-cr-125 (E.D. Ky.), Dkt. 10 at 1. Banks pleaded guilty. Dkt. 54 in the '125 case. In the plea agreement, Banks acknowledge that he had committed the elements of the offense, namely

that: (1) he knowingly and intentionally possessed fentanyl; (2) he possessed fentanyl with the intent to distribute it; and (3) the quantity of fentanyl was at least 400 grams. *Id.* at 1. The factual basis supporting the plea agreement said that officers recovered three black plastic bags that contained a mixture of fentanyl and heroin and that weighed 596 grams. *Id.* at 2–3. Banks's judgment of conviction states that he was adjudicated guilty of possessing with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. Dkt. 55 in the '125 case. A 120-month sentence was imposed and Banks is projected to be released in April 2030.

Banks contends that he has completed recidivism reduction programming that would entitle him to time credits under the FSA. But prisoners are ineligible to receive FSA time credit if they are serving sentences for certain offenses, including some more serious drug offenses charged under § 841(a)(1). 18 U.S.C. § 3632(d)(4)(D). Ineligible prisoners include those whose § 841(a)(1) offense involved 400 grams or more of fentanyl, so that they are sentenced under § 841(b)(1)(A)(vi). § 3632(d)(4)(D)(lxvi). Section 841(b)(1)(A)(vi) "applies when a defendant possesses with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl." *Dyson v. Wadas*, 24-cv-295, 2024 WL 5040584, at *1 (S.D. Ind. Dec. 9, 2024); *see also United States v. Bacon*, 991 F.3d 835, 843 (7th Cir. 2021).

Banks's indictment, plea agreement, and judgment do not refer to § 841(b)(1)(A)(vi), but that is immaterial. Banks was charged and convicted for an offense described in paragraph (a) of § 841. Paragraph (a) defines the prohibited acts. Paragraph (b) establishes the penalties for the prohibited act, based on the drug and quantity involved. Not all convictions under

§ 841(a) make a prisoner ineligible for FSA credits. But Banks' was sentenced under § 841(b)(1)(A)(vi), so he's ineligible.

The BOP correctly determined that Banks was ineligible for FSA time credit; the petition is denied.

### ORDER

IT IS ORDERED that:

1. Petitioner Karmit Arnold Banks's petition, Dkt. 1, is DISMISSED with prejudice.
2. The clerk of court is directed to enter judgment and close the case.

Entered January 23, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge